**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

March 13, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Kelvin Fraser v. Frank Bisignano, Commissioner, Social Security Administration*
       Civil No. CJC-24-3018

Dear Counsel:

Plaintiff/Claimant Kelvin Fraser petitions this Court for review of the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving his claim for disability insurance benefits ("DIB"). ECF No. 1. The Court has considered the record and the parties' briefs. ECF Nos. 7, 10, 14. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands the Commissioner's decision to the Social Security Administration.

## I.     PROCEDURAL BACKGROUND

Fraser filed an application for DIB under Title II of the Social Security Act on January 3, 2023, alleging disabilities that began on August 9, 2015. R. 15, 163–66. Fraser's claim for DIB was denied initially on June 13, 2023 and on reconsideration on August 22, 2023. R. 87–92, 95–102. An Administrative Law Judge ("ALJ") held a hearing regarding Fraser's DIB claim on April 22, 2024. R. 39–86. Following the hearing, on July 25, 2024, the ALJ determined that Fraser was not disabled during the relevant time frame. R. 12–38. Thereafter, Fraser requested that the Social Security Appeals Council review the ALJ's decision. R. 160–162. On September 17, 2024, the Appeals Council denied the request for review, rendering the ALJ's decision the final, reviewable decision of the Social Security Administration ("SSA"). R. 1–7. Fraser then timely petitioned for judicial review in this Court on October 17, 2024. ECF No. 1.

## II.    THE ALJ'S DECISION

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v.*

*Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. § 404.1520(a)(4)). Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ determined that Fraser "did not engage in substantial gainful activity during the period from his alleged onset date of August 9, 2015, through his date last insured of December 31, 2020." R. 17. At step two, the ALJ found that Fraser had the following severe impairments: "degenerative disc disease, scoliosis, supraspinatus tendinosis, history of right shoulder dislocation with residual right shoulder instability, leg shin splints, plantar fasciitis, [and] chronic pain syndrome." R. 18. At step three, the ALJ concluded that Fraser "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 19. The ALJ further determined that Fraser had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift or carry less than 10 pounds frequently or 10 pounds occasionally, sit 6 hours in an 8-hour day, and stand and/or walk 2 hours in an 8[-]hour day. The claimant can occasionally climb ramps and stairs, never climb ladders, ropes, and scaffolds, frequently balance, and occasionally stoop, kneel, crouch, and crawl. The claimant can frequently perform fingering, handling and reaching bilaterally, with the exception that the claimant can occasionally perform overhead reaching with the dominant (right) upper extremity. The claimant can have occasional exposure to extreme cold, extreme heat, wetness, and humidity. The claimant can be exposed to noise no louder than a typical office setting level (moderate noise) and lights no brighter than a typical office setting level. The claimant requires the opportunity to use a single point cane, for ambulation. The claimant requires a lumbar pillow behind his back at the workstation. The claimant requires the opportunity to move from a seated position to a[] standing/walking position, or vice versa, for up to five minutes throughout every hour, remaining on task. The claimant can understand, remember, and carry out simple and complex tasks but not at a production pace as defined in the SCO.

R. 21–22.

At step four, the ALJ determined that Fraser was unable to perform any past relevant work. R. 32. And at step five, the ALJ found that, considering Fraser's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy

that he could have performed. R. 32. As a result, the ALJ concluded that Fraser was not disabled. R. 34.

## III.    STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

## IV.    DISCUSSION

Fraser raises two general arguments on appeal. First, Fraser contends that the ALJ erroneously evaluated his RFC. EFC No. 10 at 3–17. Specifically, Fraser argues that in the ALJ's assessment of the RFC, the ALJ failed to describe how the evidence supported her findings. *Id.* Fraser highlights several examples that he believes demonstrate a failure on the part of the ALJ to logically connect the evidence to her conclusions. He contends that the ALJ: (1) failed to articulate the basis for her finding that Fraser required position changes for up to five minutes throughout every hour; (2) failed to adequately address Fraser's non-severe mental impairments; (3) failed to address Fraser's ability to perform work-related activities for eight hours a day, five days per week; (4) failed to properly evaluate pertinent medical evidence and Fraser's medication usage; and (5) improperly exercised her lay judgment in the field of pain management. *Id.* Fraser's second principal argument is that the ALJ erroneously evaluated his subjective complaints by relying on Fraser's reported daily activities. ECF No. 10 at 17–22. Because I agree that the ALJ failed to adequately explain the basis for Fraser's required position changes in the RFC, remand on this ground is appropriate. Accordingly, I need not address Fraser's other arguments.

A claimant's RFC is defined as the most work that a claimant can perform despite the claimant's limitations. 20 C.F.R. § 404.1545(a)(1). To assess a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas*, 916 F.3d at 311 (citation omitted). Among the functions an ALJ must assess are the abilities to sit, stand, and walk. 20 CFR § 404.1545(b). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas*, 916 F.3d at 311.

Fraser argues that the ALJ failed to explain her reasoning for the conclusion that Fraser "requires the opportunity to move from a seated position to a standing/walking position, or vice versa, for up to five minutes throughout every hour, remaining on task." R. 22. Fraser argues that the ALJ's analysis lacks the "logical bridge" connecting her conclusion to the evidence. I agree.

3

The ALJ's explanation for Fraser's required position changes is inadequate because the ALJ does not explain the rationale for her conclusion that Fraser required the opportunity to change positions for up to five minutes each hour. The ALJ only stated that Fraser required sit-stand-walking changes "[t]o relieve pain and/or discomfort." R. 30. Nowhere in the decision does the ALJ explain her reasoning for the specific time intervals of the position changes.[1] This omission is significant.

This Court has previously remanded decisions that were similarly devoid of explanations regarding a claimant's required position changes and physical adjustments. In *Stephanie E. v. O'Malley*, the ALJ concluded that the plaintiff was required to adjust her position every forty-five minutes to accommodate the plaintiff's pain and limitations. Civil Action No. CDA-23-0343, 2024 WL 622105, at *4 (D. Md. Feb. 14, 2024). However, "the ALJ did not explain, either through reliance on medical opinions or other evidence, *how* adjusting positions every forty-five minutes …. 'rather than any other interval of time' was warranted based on the evidence of record." *Id.* at *4 (emphasis in original) (quoting *Ronald J. v. Kijakazi*, Civil Action No. GLS-21-1845, 2022 WL 3134446, at *4 (D. Md. Aug. 5, 2022)). *Accord Candace W. v. Kijakazi*, Civil Action No. TJS-20-3344, 2022 WL 521967, at *2–3 (D. Md. Feb. 22, 2022) (remanding ALJ's decision for failure to explain how the ALJ reached the plaintiff's sit-stand requirement at 25-minute intervals); *Ronald J.*, 2022 WL 3134446, at *3–4 (remanding ALJ's decision for failure to explain the basis for the plaintiff's forty-five minute adjustment limitation).

Remand is likewise appropriate here because "inadequacies in the ALJ's analysis frustrate [my] review" to determine whether the ALJ's decision is supported by substantial evidence. *Candace W.*, 2022 WL 521967, at *3. On remand, the ALJ must explain how the medical evidence supports Fraser's need for position changes at the specific time intervals imposed. The ALJ is welcome to consider Fraser's other arguments and make any required adjustments to the ALJ's opinion. Additionally, in remanding for further explanation, I express no opinion as to whether the ALJ's conclusion that Fraser is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

---

[1] Fraser also argues that the ALJ did not explain how Fraser's need to change positions could be accommodated within the time-off-task allowance. ECF No. 10 at 9. However, the ALJ specifically concluded that Fraser could remain *on task* while changing positions, and the vocational expert testified that sedentary positions would be available in the national economy for an individual who needed to change positions while remaining on task. *See* Tr. 22, 81–82. The ultimate issue here—and the error in the ALJ's decision—is not necessarily the RFC finding, but the lack of a clear, logical bridge between the evidence and the ALJ's conclusion. On remand, the ALJ should clearly explain how the evidence presented supports the requirement for position changes, including the specific time intervals for such changes and any related on-task or off-task limitations.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge